UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marcus Lee, | Case No.  3:25-cv-690 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Toledo Police Department, | |
| Defendant. | |

## I. INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Marcus Lee filed this action in the Lucas County, Ohio Common Pleas Court

against the Toledo Police Department.  Defendant timely removed the action to this Court.  (Doc.

No. 1).

Plaintiff's Complaint, in its entirety states:

The violation of constitutional Rights:
42 U.S.C. 1983
18 U.S.C. 241 conspiracy against Rights
18 U.S.C. 242 Deprivation of Rights
Fourth Amendment violation,
Seizure of private property without due process of law.
Monetary compensation: $400,000
$ 75,000 punitive damages

 (Doc. No. 1-3 at 1).

Defendant filed a motion to dismiss, asserting that Plaintiff's complaint does not meet the

minimum basic pleading requirements of Federal Rule of Civil Procedure 8.  (Doc. No. 3).

Specifically, it asserts the Complaint lacks any factual allegations and therefore fails to state a claim

upon which relief may be granted. In addition, Defendant contends that dismissal is required because the Toledo Police Department is not a legal entity that can sue or be sued.

Plaintiff opposes the motion to dismiss. (Doc. No. 4). Plaintiff asserts that on December 19, 2024, he sent a notarized affidavit to the Chief of the Toledo Police Department, telling him to rebut the statements in the affidavit or Plaintiff would consider the statements to be true. Plaintiff contends the Chief did not rebut the document and, instead, Toledo Police officers confiscated his automobile a few weeks later. He lists the names of three Toledo Police Officers and the badge number of a fourth, but he offers no other facts regarding what these individuals may have done. He also filed another document he titled as, "Affidavit: Right to Travel." (Doc. No. 4-1). This document contains purported legal rules commonly associated with the sovereign citizen movement.

For the reasons stated below, I grant Defendant's motion.

## II.     STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.     ANALYSIS

To meet the minimum pleading requirements, a plaintiff must submit a short, plain and concise statement of his or her claims and relief. Fed. R. Civ. P. 8. To do so, the complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon

which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not meet this basic standard. It contains no facts and makes no mention of the Defendant outside of the case caption. The response to the motion to dismiss is equally unhelpful as it is composed of random case citations taken out of context and irrelevant statutory citations.

Furthermore, Plaintiff cannot proceed with an action against the Toledo Police Department. A police department is not *sui juris*, meaning that it is not a legal entity capable of suing or being sued under Ohio law. *See, e.g., Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Bey v. Elmwood Place Police Dep't,* No. 1:16cv823, 2017 WL 3821456, at *4 (S.D. Ohio Sep. 1, 2017); *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Consequently, Plaintiff's claims against the Toledo Police Department fail as a matter of law.

### IV.    CONCLUSION

For the reasons stated above, I grant Defendant's motion to dismiss. (Doc. No. 3). This action is dismissed. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3